UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOEL E. UNRUH AND LUZ M. UNRUH** § § § *Plaintiff,* § § **v.** § § **CENLAR FSB AND SECURITY NATIONAL MORTGAGE COMPANY** § § § *Defendant.* § § | **Civil Action No.** |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332 AND 1441 AND 1446, Defendants, Cenlar FSB and SecurityNational Mortgage Company ("Cenlar and SecurityNational"), removes this action from the 152nd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### STATE COURT ACTION

1. On December 5, 2021, Plaintiff Joel E. Unruh and Luz M. Unruh ("Unruh") filed their Original Petition (the "Complaint"), *Joel E. Unruh and Luz M. Unruh v. Cenlar FSB and SecurityNational Mortgage Company,* Cause No. 2021-79087, in the 152nd Judicial District Court of Harris County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 152nd Judicial District Court of Harris County, Texas, and a copy of this Notice of Removal will also be served on all parties. Defendant has filed contemporaneously with this Notice a civil cover sheet, certificate of interested persons that complies with Fed R. Civ. P. 7.1.

3. In the State Court Action, Plaintiff alleges various causes of action centered around the foreclosure of the real property commonly known as 19542 Rum River Court, Katy, Texas 77449 (the "Property"). Plaintiff's lawsuit seeks declaratory judgment and damages stemming from the alleged wrongful foreclosure of the Property.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 152nd Judicial District Court and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Local Rule, please find attached as follows:

**Exhibit A**   Index of Matters Being Filed;

**Exhibit B**   Civil Cover Sheet;

**Exhibit C**   State Court File;

**Exhibit D**   State Docket Sheet;

**Exhibit E**   List of all parties and counsel of record, including addresses, telephone numbers and parties represented; and

**Exhibit F**   Harris County Appraisal District valuation for the Property;

## TIMELINE FOR NOTICE OF REMOVAL

6. Defendants Cenlar FSB was served on December 9, 2021 and SecurityNational Mortgage Company was served on December 8, 2021 and therefore removal is timely. 28 U.S.C. §1446(b)(1).

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a. Diversity of Citizenship

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Katy, Harris County, Texas.

11. Defendant Cenlar FSB ("Cenlar") is a citizen of New Jersey for diversity jurisdiction. Cenlar FSB is a federally chartered wholesale bank. The citizenship depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on the foregoing, Cenlar is a citizen of New Jersey for diversity purposes.

12. Defendant SecurityNational Mortgage Company ("SecurityNational") is a citizen of Utah for diversity jurisdiction. SecurityNational is a Utah Corporation. The citizenship depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). SecurityNational is a subsidiary of SecurityNational Financial Corporation which is headquartered in Utah. Based on the foregoing, SecurityNational is a citizen of Utah for diversity purposes.

13. Plaintiff is a citizen of the State of Texas, Cenlar is a citizen of New Jersey and SecurityNational is a citizen of Utah; accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

### b. Amount in Controversy Exceeds $75,000.

14. Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.

15. The Petition seeks declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

16. The most recent tax appraisal for the Property valued it at $196,775.[1] This alone satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

## VENUE

17. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a).

## CONCLUSION

WHEREFORE Defendants Cenlar FSB and SecurityNational Mortgage Company removes this action from the 152nd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**CODILIS & MOODY, P.C.**

*/s/ Danya F. Gladney*
Danya F. Gladney SBOT 24059786
Nicole M. Bartee SBOT 24001674
Kelly M. Doherty SBOT 24118059
400 N. Sam Houston Parkway East, Suite 900-A
Houston, Texas 77060
Telephone: (281) 925-5200
Email: danya.gladney@tx.cslegal.com
**ATTORNEYS FOR DEFENDANT**

---

[1] *See* Exhibit G, Harris County Appraisal District valuation for the Property for 2021.

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___5th___ day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*<u>Via E-Service</u>*

Robert "Chip" C. Lane
Christopher C. West
Joshua D. Gordon
The Lane Law Firm, P.L.L.C
6200 Savoy Drive, Suite 1150
Houston, TX 77036
notifications@lanelaw.com
Joshua.gordon@lanelaw.com
Chris.west@lanelaw.com
**ATTORNEYS FOR PLAINTIFF**

                                      */s/ Danya F. Gladney*
                                      Danya F. Gladney